IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN JORDAN,

    Petitioner,

    v.

MARYLAND ATTORNEY GENERAL,

    Respondent.

Civil Action No.:  JRR-21-2085

## MEMORANDUM ORDER

Petitioner Brian Jordan, an inmate confined at the Federal Correctional Complex – USP Coleman II in Coleman, Florida, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1989 convictions in the Circuit Court for Carroll County, Maryland. ECF No. 1.  For the reasons set forth below, the Petition will be DISMISSED as moot.

## BACKGROUND

The Petition asserts that the sentence imposed for Mr. Jordan's 1989 conviction for felony murder, conspiracy to commit murder, robbery, and conspiracy to commit robbery was excessive under the Juvenile Restoration Act and he was convicted of a murder he did not commit.  ECF No. 1 at 5.  On March 3, 1989, Mr. Jordan was sentenced to two life sentences and two ten-year sentences, all to run consecutively.  *Id.* at 1; ECF No. 4 at 6.

## DISCUSSION

Respondent filed a Limited Answer arguing that the Petition should be dismissed on the grounds that Mr. Jordan's claims were not cognizable under federal habeas review because they only present state law issues.  ECF No. 4.  Respondent also filed a Supplement to the Limited Answer asserting that the instant Petition should be dismissed as a second or successive petition.

ECF No. 5.  Respondent has since submitted a Suggestion of Death, informing the Court that Mr.

Jordan died in custody in June 2022.  ECF No. 6 at ¶ 5.  Respondent asserts that because Mr.

Jordan has passed away, the instant Petition is now moot.  *Id.* at ¶ 7.

Pursuant to Federal Rule of Civil Procedure 25(a), a court may order the substitution of a

party following a party's death if the claim has not been extinguished by the party's death.

However, Mr. Jordan's claim seeking invalidation of his state court convictions cannot survive his

death.  *See Eakes v. McCall*, 533 Fed. App'x 268, 268 (4th Cir. 2013) (citing *Hailey v. Russell*,

394 U.S. 915, 915 (1969) (finding that a habeas petition was moot by reason of the death of the

petitioner) and *McMillian v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) ("Since [petitioner's]

imprisonment ended upon his death, and there can be no future collateral consequences flowing

from his imprisonment, his collateral attack is moot.")).  Accordingly, Mr. Jordan's Petition must

be dismissed as it has been rendered moot by his passing.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his

motion.  *See* 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue if the prisoner has

made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When

a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable

jurists "would find it debatable whether the petition states a valid claim of the denial of a

constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Here, Mr. Jordan's claims are dismissed on procedural

grounds, and this Court finds that he has not made the requisite showing to warrant a certificate of

appealability.  The Court therefore declines to issue a certificate of appealability.  A certificate

may still be requested from the United States Court of Appeals for the Fourth Circuit.  *See Lyons*

*v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability

after the district court declined to issue one).

## CONCLUSION

Accordingly, it is this _25th_ day of October, 2022, by the United States District Court for

the District of Maryland, hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus IS DISMISSED as moot;

2. The Clerk shall PROVIDE a copy of this Memorandum Order to counsel and to Mr.
   Jordan's state court counsel, James A. Johnston, Esq. at
   james@attorneyjamesjohnston.com;[1] and

3. The Clerk shall CLOSE this case.

                        _____/S/_____
                        Julie R. Rubin
                        United States District Judge

---

[1] Respondent states that Mr. Jordan's mother has agreed to have Attorney Johnston accept service of filings in this case on her behalf.